UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>– against –<br><br>MARIO CHEVEZ CARRANZA,<br><br>Defendant. | **Memorandum and Order**<br><br>12-CR-286 |

**JACK B. WEINSTEIN, Senior United States District Judge:**

Appearances

For the Government:

>Loretta E. Lynch, Esq.
>United States Attorney
>Eastern District of New York

>By: M. Kristin Mace, Esq.
>Assistant United States Attorney

For the Defendant:

>Kannan Sundaram
>Federal Defenders
>Brooklyn, New York

Defendant, an impecunious foreign national, was sentenced on June 5, 2013, to a prison term of time served (approximately fourteen months), three years' supervised release and ordered to pay a special assessment for the crime of illegally reentering this country.

He has a serious disease. If not given proper medical care and drugs daily, he contends his illness will shortly result in death. While in the United States, in and out of custody, he has been receiving the medications necessary for survival and a tolerable sense of physical well-

1

being. It is contended by defendant that in his native country, to which he will likely be deported as a result of this sentence, the necessary drugs will be unavailable to him.

At sentencing, he expressed a well-founded fear of the substantial discrimination and physical assaults he will face because of his sexual orientation if he is forced to return to his country.

The sentence imposed implicates fundamental concerns of due process and other issues in meting out, in effect, a punishment that, considering collateral consequences, is likely to result in severe physical injury and death.

To permit appropriate consideration of these issues, defendant may submit a motion (or petition) to stay, modify or otherwise affect the sentence imposed based on the constitutional implications of defendant's sentence within twenty-one (21) days of the issuance of this order. *Cf.* Fed. R. Crim. P. 35; 28 U.S.C.A. § 1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."); *Abimbola v. United States*, 369 F. Supp. 2d 249 (E.D.N.Y. 2005) ("To obtain coram nobis relief, a petitioner must demonstrate that: (1) there are circumstances compelling such action to achieve justice, (2) sound reasons exist for failure to seek appropriate earlier relief, and (3) the petitioner continues to suffer . . . consequences from his conviction that may be remedied by granting of the writ."); Romualdo P. Eclavea, *Availability, Under 28 U.S.C.A. § 1651, of Writ of Error Coram Nobis To Vacate Federal Conviction Where Sentence Has Not Yet Been Served*, 37 A.L.R. Fed. 499 (1978) (discussing cases in which "courts held that a petition for a writ of error coram nobis under 28 U.S.C.A. § 1651 to vacate a federal conviction the sentence for which has not yet been served will not be heard or granted unless the petitioner alleges or shows that as a result of his

2

conviction, he has suffered or continues to suffer adverse collateral consequences or legal disabilities apart from the sentence."); Stanley H. Fuld, *The Writ of Error Coram Nobis*, 117 N.Y.L.J. 2212 (June 6, 1947). *But cf. United States v. Tabile*, 166 F.3d 505 (2d Cir. 1999) (denying petition to vacate conviction under All Writs Act ).

The question of whether adverse collateral consequences of a sentence can be too severe cannot be ignored. *Cf. Padilla v. Kentucky*, 559 U.S. 356 (2010) (suggesting constitutional limits to collateral consequence resulting in deportation).

Defendant shall notify the court by letter if he declines to seek relief from the sentence imposed. If he does not, argument on any request for relief will be heard on June 27, 2013, at 11:00 a.m.

The sentence imposed is stayed for twenty-one (21) days or until the court receives a letter from defendant expressing his intention not to seek relief from the sentence imposed, whichever date is earlier.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: June 6, 2013
Brooklyn, New York

3